IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH ROBERT McCORMICK,

    Plaintiff,                    No. 2:12-cv-02109 DAD P

    vs.

CALIFORNIA DEP'T OF CORRECTIONS, et al.,

    Defendants.                 <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Application to Proceed In Forma Pauperis**

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff will be assessed an initial partial filing fee of 20

1

percent of the greater of (a) the average monthly deposits to plaintiff's trust account; or (b) the average monthly balance in plaintiff's account for the 6-month period immediately preceding the filing of this action. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**II. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III.  Plaintiff's Complaint**

In his complaint, plaintiff alleges that on September 13, 2011, he was forced to ride a California Department of Corrections and Rehabilitation (CDCR) bus for twelve hours, in a cramped space and shackled, as he was being transported from Deuel Vocational Institution to the California Institution for Men. (Doc. No. 1 at 4.)  Plaintiff also alleges that during this transport he was denied the use of his cane and was therefore unable to use the bathroom because he could not walk without his cane while shackled.  (Id.)  Plaintiff claims that prison staff physically forced him to get on the bus which was not equipped to transport inmates with disabilities such as himself and was "not compliant with ADA."  (Id.)  It appears that plaintiff may be attempting to claim that these actions by custodial staff violated his rights under the Eighth Amendment and the Americans with Disabilities Act.  (Id.)  Plaintiff names as defendants in this action the California Department of Corrections and Doe "R/R Sgt.", Doe Bus Driver 1 and Doe Bus Driver 2.  (Id. at 3.)

The court finds the allegations of plaintiff's complaint so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the

3

elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which each named defendant engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), his complaint must be dismissed.  Below, the court will address the deficiencies of plaintiff's complaint with more specificity in light of the legal standards governing the claims that plaintiff is apparently attempting to pursue.

**IV. Deficiencies and Legal Standards**

    A.  Defendants

Plaintiff is advised that the naming of Doe defendants is not generally favored federal court.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).  The court cannot order service of process on Doe defendants and this civil rights action cannot move forward without the service of process on defendants.  Therefore, plaintiff must name at least one actual person as a defendant in this action.  Having done so, he may then seek leave to amend when and if he obtains the names of other Doe defendants through discovery.  Plaintiff is also reminded that, as indicated above, he must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.

    B.  Identifying Claims and Constitutional Violation

In his complaint, plaintiff mentions only a violation of his Eighth Amendment rights but it is not clear whether plaintiff is claiming multiple violations under the Eighth Amendment, such as, a failure to provide adequate medical care and the use of excessive force. In his amended complaint, plaintiff must clearly identify each of his claims and the constitutional amendment or federal law that supports that claim.  Plaintiff must also allege facts that explain how his rights were violation.  For example, plaintiff cannot merely allege that a defendant was deliberately indifferent to his medical condition.  Rather, plaintiff must allege facts explaining his

/////

medical condition and in what way the named defendants were deliberately indifferent to that condition.

      C.  Eighth Amendment Excessive Force Claim

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment under the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to state a claim of cruel and unusual punishment, plaintiff must provide allegations to satisfy a two-part test containing an objective prong and a subjective prong. First, plaintiff must allege facts showing that, objectively, he suffered a sufficiently serious deprivation. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, plaintiff must allege facts that satisfy a subjective inquiry into whether each prison official had a culpable state of mind in causing or allowing plaintiff's deprivation to occur. See id. at 299. Allegations of mere negligence on the part of defendants is insufficient to state such a claim. See id.

"[W]henever prison officials stand accused of using excessive physical force . . . , the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7. See also Whitley v. Albers, 475 U.S. 312, 320-22 (1986). The appropriateness of the use of force must be determined by the facts and circumstances of each case. See Michenfelder v. Sumner, 860 F.2d 328, 336 (9th Cir. 1988).

      D.  Eighth Amendment Medical Care Claim

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under the Eighth Amendment unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer v. Brennan, 511 U.S. 825, 835 (1994).

5

To state a cognizable claim for inadequate medical care, plaintiff needs to allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference." Plaintiff is cautioned that "mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1991) ("A finding that the defendant's neglect was an 'isolated occurrence' or an 'isolated exception,' . . . militates against a finding of deliberate indifference"), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). Likewise, a mere disagreement between plaintiff and defendants as to the type of care he should have received fails to state a cognizable § 1983 claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

E.  Americans with Disability Act (ADA) Claim

The ADA provides that:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Therefore, in order to state a cognizable ADA claim a plaintiff must allege facts showing that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. Under the Prison Litigation Reform Act of 1995 (PLRA), the exhaustion of administrative remedies is required in order to present an ADA claim. Finally, the proper defendant to be named in any such claim under the ADA is the state correctional facility or the California Department of Corrections and Rehabilitation. See 42 U.S.C. § 12131(1)(A) & (B); see also

/////

Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210 (1998); Gregory v. Clark, No. 1:11-cv-00151 JLT (PC), 2012 WL 6697955 at *5 (E.D. Cal. Dec. 21, 2012).

**V. Leave to Amend**

The court will, however, provide plaintiff with an opportunity to cure these deficiencies and pursue his claims by granting him leave to file an amended complaint .

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI. Other Matters**

Plaintiff has also filed a document with the court styled, "Motion For Production Of Documents," which explains his intention to initiate discovery to obtain documents and information about the officers working in CDCR's Transportation Department and in Receiving

1  and Release (R&R).  (Doc. No. 6 at 1.)  Plaintiff has not requested any court action in this regard.
2  Therefore, the motion for production will be placed in the file and disregarded.
3        Plaintiff is also informed that discovery requests should not be filed with the court
4  and that the court will not entertain a motion to compel discovery until plaintiff has filed an
5  amended complaint, the amended complaint has been screened by the court, the court has
6  determined that the amended complaint states cognizable claims, and the defendants have been
7  served with a summons and a copy of the amended complaint.

8  **VII.  Conclusion**

9        In accordance with the above, IT IS HEREBY ORDERED that:
10        1.  Plaintiff's September 7, 2012 application to proceed in forma pauperis (Doc.
11  No. 7) is granted.
12        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
13  Plaintiff is assessed an initial partial filing fee.  All fees shall be collected and paid in accordance
14  with this court's order to the Director of the California Department of Corrections and
15  Rehabilitation filed concurrently herewith.
16        3.  Plaintiff's complaint is dismissed.
17        4.  Plaintiff is granted thirty days from the date of service of this order to file an
18  amended complaint that complies with the requirements of the Civil Rights Act, the Federal
19  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
20  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
21  amended complaint in accordance with this order will result in the dismissal of this action
22  without prejudice.
23        5.  The Clerk of the Court is directed to provide plaintiff with a copy of the court's
24  form complaint for a § 1983 action.
25  /////
26  /////

6.  Plaintiff's August 29, 2012 motion for production of document (Doc. No. 6) shall be placed in the file and disregarded.

DATED: March 8, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mccor2109.14